IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA SUE FOX, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)  Civil Action No. 04-1257-KAJ<br>STANLEY TAYLOR, PAUL HOWARD, )<br>PATRICK RYAN, MICHAEL KNIGHT, )<br>EMANUEL WALKER, ANTRONE )<br>DORSEY, EUGENE SCOTT, ANITA )<br>CRUZ, ANDRE JOHNSON, ANNETTE )<br>EDWARDS, and COLLEEN )<br>SHOTZBERGER, )<br>)<br>Defendants. | |

## MEMORANDUM ORDER

Plaintiff, Linda Sue Fox ("Fox"), is a *pro se* litigant who is presently incarcerated at Baylor Women's Correctional Institution located in New Castle, Delaware ("Baylor"). She filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

I.   **STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether Fox is eligible for pauper status. The Court granted Fox leave to proceed *in forma pauperis* on October 12, 2004. (Docket Item ["D.I."] 5.) In that same order, the Court assessed Fox a $150.00 filing fee, and ordered Fox to pay a partial filing fee of $35.81 and file an authorization form within thirty days.

Fox filed the authorization form on November 16, 2004, and the filing fee was received on April 7, 2005.[1]  (D.I. 8.)

Once the pauper determination is made, the Court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[2]  If the Court finds Fox's complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the Court must apply the standard of review set forth in Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pennsylvania Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997) (applying Rule 12(b)(6) standard as the appropriate standard for dismissing claims under § 1915A). Accordingly, the Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

---

[1] Although Fox filed the authorization form and paid her filing fee after the thirty-day deadline, the complaint was not dismissed before the authorization form and payment were actually filed, nor will I dismiss it on those grounds here.

[2] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the Court to dismiss an *in forma pauperis* complaint at any time, if the Court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the Court to screen prisoner *in forma pauperis* complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

2

dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that, as used in § 1915(e)(2)(B), the term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[3] Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Id*. As discussed below, Fox's claims have no arguable basis in law or in fact, and shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## II. DISCUSSION

Fox filed her original complaint alleging that her First, Eighth and Fourteenth Amendment rights were violated by Defendants Stanley Taylor ("Taylor"), Paul Howard ("Howard"), Patrick Ryan ("Ryan"), Michael Knight ("Knight"), Emanuel Walker ("Walker"), Antrone Dorsey ("Dorsey"), Eugene Scott ("Scott"), Anita Cruz ("Cruz"), Andre Johnson ("Johnson"), Annette Edwards ("Edwards"), and Colleen Shotzberger ("Shotzberger") (collectively "Defendants").[4] (D.I. 2 at 6). Fox alleges that Defendants

---

[3] *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. *See* § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

[4] On October 14, 2004, Fox filed a motion to amend her original complaint, adding Colleen Shotzberger as an additional defendant,. (D.I. 8.) Under Federal Rule

"conspire[d] to have Plaintiff removed from her position" as Senior Inmate Office Clerk in the kitchen at Baylor. (*Id.* at 5.) Fox claims that Defendants discriminated against her and harassed her, and that when she lodged verbal and written complaints, Defendants retaliated against her by having her suspended and then fired. (*Id.* at 5-6.)

Fox's claims are based on her alleged right to hold her prison job as Senior Inmate Office Clerk in the kitchen at Baylor, and on the retaliation she claimed she experienced when she filed verbal and written internal grievances. (D.I. 2 at 5-6.) However, "[t]raditionally, prisoners have had no entitlement to a specific job, or even to any job." *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Therefore, Fox has no right to hold her particular prison job.

Even if Fox did have a right to her prison job, to state a claim for retaliation, "plaintiff must allege that the 'retaliatory' action does not advance legitimate penological goals such as preserving institutional order and discipline." *Abdul-Akbar v. Department of Corrections*, 910 F.Supp. 986, 1001 (D.Del. 1995). Fox has not alleged that the retaliation she perceived did not advance legitimate penological goals.

Furthermore, Fox cannot state a claim for violation of the Eighth Amendment based on the loss of her job. "In order to state a violation of the Eighth Amendment based on conditions of confinement, plaintiff must prove that defendants acted with deliberate indifference to deprive [her] of the 'minimal civilized measure of life's necessities.' A constitutional violation only occurs when the conditions of confinement

---

of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15. Therefore, Colleen Shotzberger will be considered as a Defendant in deciding this motion.

4

'have a mutually reinforcing effect that produces the deprivation of a single identifiable human need such as food, warmth or exercise,' and that '[n]othing so amorphous as 'overall conditions' can rise to the level of [such a violation] when no specific deprivation of a single human need exists.'" *Abdul-Akbar v. Department of Corrections*, 910 F.Supp. 986, 1005 (D.Del. 1995) (internal citations omitted). Here, the loss of her prison job certainly does not rise to the level of deprivation of "the minimal civilized measure of life's necessities."

## III.  CONCLUSION

For the foregoing reasons IT IS HEREBY ORDERED that:

1. Fox's Motion to Amend the Complaint (D.I. 6) is GRANTED.

2. Fox's claims against Defendants are dismissed without prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

3. Fox's Motion for Preliminary Injunction (D.I. 3) is DENIED as moot.

4. Fox's Motion for Appointment of Counsel (D.I. 7) is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE

September 27, 2005
Wilmington, Delaware